UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff

      -v-

ERIC PATTON, et al.,

                Defendants.
---------------------------------------------------------X

02 CV 2564 (SJ)

**MEMORANDUM AND ORDER**

APPEARANCES:
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Mail Stop 4010
Washington, DC 20549
By:   James Kidney, Esq.
        Amie Kruse Long, Esq.
Attorneys for Plaintiff

CONSTANTINE STAMOULIS, *Pro Se* Defendant
80 Harrison St.
Garden City, New York 11530


JOHNSON, Senior District Judge:

       This civil action came before the Court on an Amended Complaint filed by the Securities and Exchange Commission ("Commission") alleging that the defendant, Constantine Stamoulis ("Stamoulis"), committed securities fraud by purchasing a total of 10,000 shares of WLR Foods, Inc. ("WLRF") common stock on September 26, 2000, while he was in possession of material, non-public information that the company would soon announce it was being sold. The Amended Complaint alleged, and it was not contested, that the defendant realized

trading profits of $59,380 when he sold the common stock on September 28, 2000, after the news of the WLRF sale was announced and the stock price nearly doubled.

Based on these allegations of insider trading, the Complaint alleged that Mr. Stamoulis violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. On February 7, 2008, following a three-day trial, the jury returned a verdict finding the defendant liable for securities fraud as alleged in the Amended Complaint. Relief is to be entered by the Court, because it is either equitable in nature (injunction, disgorgement and prejudgment interest) or is the responsibility of the Court pursuant to statute (civil penalties pursuant to Sec. 21A of the Exchange Act, 15 U.S.C. § 78u-1).

The Court finds that the plaintiff has made a proper showing under Sec. 21(e) of the Exchange Act [15 U.S.C. §§ 78u(e)] entitling it to a permanent injunction against Mr. Stamoulis for violations of the antifraud statutes as alleged in the Amended Complaint.

Finally, the Court also finds that the defendant should disgorge the full amount of profits realized by purchasing WLRF stock before public announcement of the company's sale. The amount of disgorgement is measured by the difference between the price at which the defendant bought WLRF stock and the price of the stock when he sold it on the first trading day after the sale was announced to the public. In addition, the Court finds that prejudgment interest should be paid upon the disgorged amount for the period from September 26, 2000, to and including

December 31, 2007, based on the Internal Revenue Service underpayment interest rate as articulated in 26 U.S.C. § 6621(a)(2).

THEREFORE, the Court being fully advised in the premises:

I

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Constantine Stamoulis, his agents, servants, employees, attorneys-in-fact and all those persons having active concert and participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5], directly or indirectly, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange, by:

(1) employing any device, scheme, or artifice to defraud,

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person, in connection with the purchase or sale of any security.

## II

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED**

that Defendant Constantine Stamoulis pay a total of $273,090, consisting of: (a) $59,380, representing disgorgement of profits predicated on the acts alleged in the Amended Complaint; (b) prejudgment interest thereon of $35,570; and (c) $178,140, representing a penalty pursuant to Section 21A of the Exchange Act predicated on the acts alleged in the Amended Complaint. Payment of $2730.90 shall be made within ten (10) days of the entry of this FINAL JUDGMENT as described in paragraph III below.

## III

Defendant Stamoulis shall satisfy the total financial obligation established in paragraph II by sending the entire obligated amount to the Clerk of this Court, together with a cover letter identifying Constantine Stamoulis as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action at the following address:

James A. Kidney
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4010

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to

Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund, a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related

Investor Action[1] based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").

If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.

IV

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

V

There being no reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment forthwith.

Date: June 10, 08

s/SJ
STERLING JOHNSON, JR.
UNITED STATES DISTRICT JUDGE

---

[1] A "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.