UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

ERIC PATTON, et al.,

        Defendant.

-----------------------------------------------------X

02 CV 2564 (SJ) (JMA)


MEMORANDUM
AND ORDER
AMENDING THE
FINAL JUDGMENT

APPEARANCES
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Mail Stop 4010
Washington, DC 20549
By:    James Kidney
Attorney for Plaintiff

DAVID J. HOFFMAN
29 Broadway
27th Floor
New York, NY 10006
By:    David Hoffman
Attorney for Defendant


JOHNSON, Senior District Judge:

      Following a jury trial before this Court, Defendant Constantine Stamoulis

("Defendant" or "Stamoulis") was found liable on February 7, 2008 for insider

trading and ordered to, *inter alia*, remit a sum of $273,090 to plaintiff United States

Securities and Exchange Commission ("Plaintiff" or "SEC"), representing

disgorgement of insider trading profits, prejudgment interest and a penalty. (See

Memorandum and Order of June 10, 2008 (the "Judgment") (Docket No. 124).)

While the Judgment provided a timeline for the payment of the initial one percent of

the amount due to Plaintiff, or $2,730, it did not specify a time frame for payment of

the remaining 99%.

Defendant appealed this Judgment on July 9, 2008. On or about July 31,

2008, Plaintiff filed with the Second Circuit Court of Appeals a motion to remand

the action for clarification as to when Defendant was to remit the remaining

payment. (Ex. 1 to Def. Reply Mem. in Support of Mot. to Amend.) The Circuit

Court granted the motion, citing Federal Rule of Civil Procedure 60(a) ("Rule

60(a)"). (See Docket No. 135.) Rule 60(a) permits this Court to modify a judgment

to correct mistakes, oversights and omissions, but requires leave from Court of

Appeals to do so, in the event of a docketed appeal with that court. Fed. R. Civ. P.

60(a). Accordingly, this Court could not take action until the Second Circuit

remanded the case to it for consideration of Plaintiff's Rule 60(a) motion, which it

did on September 28, 2008. (See Docket No. 135.)

Within two days of the Circuit Court's mandate (and, indeed, prior to this

Court's receipt of same), Plaintiff filed a motion to amend the Judgment with this

Court. (See Docket No. 130.) With this motion, Plaintiff filed a proposed corrected

judgment, which did not set a payment schedule for the remaining balance outstanding, but instead included the following language:

> Should Defendant Stamoulis fail to satisfy th[e] initial [one percent] payment, the full amount of the Court's judgment, $273,090, shall be immediately due. Should the initial payment be timely made, the parties are instructed to negotiate within 20 days of the entry of this Order a schedule in which Defendant Stamoulis pays the remainder of the judgment. Said schedule shall be submitted to the Court for approval. Should no schedule be agreed upon, the full amount of judgment shall be due and paid as provided in paragraph III.

(Ex 1 to Pl.'s Mot. to Amend Judgment ("Proposed Order") at 3-4.) Other than the above quoted text, the Proposed Order is identical to the Judgment.

Defendant opposed Plaintiff's motion to amend on October 23, 2008, arguing that a motion of this sort is governed only by Federal Rule 59(e), which requires filing within ten days of the contested Judgment. (Def.'s Mem. Opp. to Pl.'s Mot. to Amend ("Pl. Mem.") at 1-2.) Rule 60(a) is unavailable to Plaintiff – Defendant argues – because Plaintiff seeks to "materially alter the substance of the Court's decision." (Id.) Defendant neither denies that the Judgment is without a timetable for payment, nor does he suggest one. Defendant also does not deny that the parties were encouraged to negotiate a payment schedule and submit notice of same to this Court. (See Transcript of 3/24/08 proceedings.) He instead argues that the proposed requirement that the parties negotiate a timetable for the remaining payments is one that places an "onerous" burden on him and substantively affects his rights and obligations. (Pl. Mem. at 2.) However, Rule 60 is an appropriate vehicle through

3

which this Court may include items inadvertently omitted from a judgment. See In re Frigitemp Corp., 781 F.2d 324, 327 (2d Cir. 1986) (Rule 60(a) motion appropriate where "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated"). Accordingly, as the omission of a due date for the remaining 99% of the sum due resulted from this Court's oversight – a fact which Defendant does not dispute – Plaintiff's motion is properly brought under Rule 60(a), and is therefore timely.

Moreover, and quite confusingly, Defendant's argument against a negotiated payment schedule, if followed to its logical conclusion, directs the Court to order payment to Plaintiff in one lump sum. This argument strains credulity, as (according to Plaintiff's Reply Memorandum[1]) Defendant has yet to pay even the initial one percent ordered by the Judgment in clear, unequivocal terms.

THEREFORE, Plaintiff's Rule 60(a) motion is hereby GRANTED; and the Court being fully advised in the premises:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Constantine Stamoulis, his agents, servants, employees, attorneys-in-fact and all those persons having active concert and participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise, and each of them, be they and thereby are permanently restrained and enjoined from

---

[1] See Def.'s Reply Mem. in Support of Mot. to Amend at 4 fn.2.

violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)]

and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], directly or

indirectly, through the use of any means or instrumentality of interstate commerce or

of the mails, or of the facilities of a national securities exchange, by:

(1) employing any device, scheme, or artifice to defraud,

(2) making any untrue statement of a material fact or omitting to state a

material fact necessary in order to make the statements made, in light of

the circumstances under which they were made, not misleading, or

(3) engaging in any transaction, act, practice, or course of business which

operates or would operate as a fraud or deceit on any person, in

connection with the purchase or sale of any security.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED**

that Defendant Constantine Stamoulis pay a total of $273,090, consisting of (a)

$59,380, representing disgorgement of profits predicated on the acts alleged in the

Amended Complaint; (b) prejudgment interest thereon of $35,570; and (c) $178,140,

representing a penalty pursuant to Section 21A of the Exchange Act predicated on

the acts alleged in the Amended Complaint.

Defendant may elect, within ten days of the entry of this order, to set up a

payment schedule with Plaintiff for the amounts due under this Amended Judgment.

If Defendant so chooses, he must file his request with this Court within that time. In

the absence of such request, Defendant must remit the <u>entire amount due</u> within twenty (20) days of the entry of this order.

<u>Irrespective</u> of Defendant's interest in negotiating a payment schedule, and within <u>ten days</u> of the entry of this Amended Judgment, Defendant shall pay the arrearages of $2,730 (representing the amount ordered due in the June 11, 2008 Judgment), and an additional one percent, for a total of $5,460.

### III.

Defendant Stamoulis shall satisfy the total financial obligation established in paragraph II by sending the entire obligated amount to the Clerk of this Court, together with a cover letter identifying Constatine Stamoulis as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action at the following address:

James A. Kidney
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4010

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Clerk shall deposit the funds into an interest

bearing account with the Court Registry Investment System ("CRIS") or any other

type of interest bearing account that is utilized by the Court. These funds, together

with any interest and income earned thereon (collectively, the "Fund"), shall be held

in the interest bearing account until further order of the Court. In accordance with 28

U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of

the United States Courts, the Clerk is directed, without further order of this Court, to

deduct from the income earned on the money in the Fund, a fee equal to ten percent

of the income earned on the Fund. Such fee shall not exceed that authorized by the

Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject

to the Court's approval. Such a plan may provide that the Fund shall be distributed

pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of

2002. Regardless of whether any such Fair Fund distribution is made, amounts

ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

penalties paid to the government for all purposes, including all tax purposes. To

preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or

reduction of any award of compensatory damages in any Related Investor Action[2]

based on Defendant's payment of disgorgement in this action, argue that he is

entitled to, nor shall he further benefit by, offset or reduction of such compensatory

---

[2] A "Related Investor Action" means a private damages action brought against Defendant by
or on behalf of one or more investors based on substantially the same facts as alleged in the
Complaint in this action.

damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").

If the court in any Related Investor Action grants such a Penalty Order, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Amended Judgment.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Amended Final Judgment.

## V.

There being no reason for delay, the Clerk of the Court is hereby directed to enter an Amended Final Judgment forthwith.

## SO ORDERED.

DATED:  December 2, 2008                                    _____s/_____
            Brooklyn, New York                              Sterling Johnson, Jr, U.S.D.J.