UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,                            02 CV 2564 (SJ) (JMA)

        v.

<u>ORDER AMENDING</u>
<u>FINAL JUDGMENT</u>

ERIC PATTON, et al.,

        Defendant.

-------------------------------------------------X

A P P E A R A N C E S
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Mail Stop 4010
Washington, DC 20549
By:    James Kidney
Attorney for Plaintiff

DAVID J. HOFFMAN
29 Broadway
27th Floor
New York, NY 10006
By:    David Hoffman
Attorney for Defendant

JOHNSON, Senior District Judge:

        Following a jury trial, defendant Constantine Stamoulis ("Defendant" or

"Stamoulis") was found liable on February 7, 2008 for insider trading and ordered,

1

inter alia, to remit $273,090[1] to plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC"). A more lengthy recitation of facts and circumstances surrounding the post-trial issues remaining in this action can be found in the Court's December 2, 2008 order. (Docket No. 136.) Briefly, in a June 11, 2008 order (the "June 11 Order") by the Court that, inadvertently, did not set a payment schedule for the full $273,090, Defendant was directed to pay one percent of the $273,090 owed to Plaintiff. (Docket No. 124.) The remaining 99% due Plaintiff was not accounted for in the June 11 Order.

When Plaintiff moved the court to correct that judgment and permit the parties to negotiate a payment schedule, Defendant objected on the grounds that a requirement to negotiate payment placed an "onerous" burden on him. (Docket No. 133.) Defendant had not yet paid the one percent required by the June 11 Order, despite the passage of four months.

In granting Plaintiff's motion to correct the June 11 Order, the Court noted that Defendant had yet to make the one percent payment and, on December 2, 2008, ordered him to submit two percent of the then-outstanding $273,090 owed to Plaintiff (Docket No. 136) (the "December 2 Order"). Defendant was also ordered to notify the Court within ten days of any desire he had to negotiate a payment schedule with Plaintiff for the remaining $267,628. Because Defendant argued that negotiation of a payment schedule was too "onerous," the December 2 Order

---

[1] These amounts represent disgorgement of insider trading profits, prejudgment interest and a penalty.

2

informed him that his alternative was to remit the full remaining payment within twenty days of the entry of that order. (Docket No. 136 at 5-6.)

Defendant neither submitted a request to negotiate nor submitted any payment to Plaintiff. Instead, on December 15, 2008, Defendant submitted a unilaterally-prepared payment schedule, which set the remaining 98% of payments to begin in April 2009. Still awaiting receipt of Defendant's arrearages, Plaintiff objected to this payment schedule as unacceptably protracted and because it was neither negotiated between the parties nor instituted in the manner required by the Court's December 12, 2008 order. (Docket Nos. 136-139.)

The Court then called a status conference to give Defendant a further opportunity to negotiate with Plaintiff. On January 5, 2009, the parties appeared before this Court, where Plaintiff indicated that, pursuant to SEC policy, Defendant would only be entitled to a payment schedule if he demonstrated financial need. Plaintiff informed the Court that the process by which one demonstrates such need to the SEC begins with the filing of a financial affidavit, under oath. Defense counsel indicated his client's reluctance to submit to oath. The Court permitted the parties an additional three weeks to negotiate, warning Defendant that his continued refusal to engage in negotiations would result in an order requiring his immediate full payment of the amounts due. (See generally Transcript of 1/5/09 Proceedings.)

3

On January 26, 2009, this Court received a letter from Plaintiff which reveals (via e-mail from defense counsel) that Defendant remains unwilling to file a financial affidavit assessing his ability to make payments. (Docket Nos. 142-143.)

THEREFORE, the Court being fully advised in the premises:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Constantine Stamoulis, his agents, servants, employees, attorneys-in-fact and all those persons having active concert and participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise, and each of them, be they and thereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], directly or indirectly, through the use of any means or instrumentality of interstate commerce or of the mails, or of the facilities of a national securities exchange, by:

(1) employing any device, scheme, or artifice to defraud,

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(3) engaging in any transaction, act, practice, or course of business which operates or would operate as a fraud or deceit on any person, in connection with the purchase or sale of any security.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Constantine Stamoulis immediately pay a total of $267,630, consisting of (a) $59,380, representing disgorgement of profits predicated on the acts alleged in the Amended Complaint; (b) prejudgment interest thereon of $35,570; and (c) $178,140, representing a penalty pursuant to Section 21A of the Exchange Act predicated on the acts alleged in the Amended Complaint, less the $5460.00 already paid by Defendant.

III.

Defendant Stamoulis shall satisfy the total financial obligation established in paragraph II by sending the entire obligated amount to the Clerk of this Court, together with a cover letter identifying Constatine Stamoulis as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action at the following address:

James A. Kidney
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4010

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund, a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax

purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action[2] based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").

If the court in any Related Investor Action grants such a Penalty Order, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Amended Judgment.

---

[2] A "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Amended Final Judgment.

V.

There being no reason for delay, the Clerk of the Court is hereby directed to enter an Amended Final Judgment forthwith.

SO ORDERED.

DATED: January 29, 2008
Brooklyn, New York

s/b Judge Johnson
Sterling Johnson, Jr, U.S.D.J.